**GREENBERG TRAURIG LLP**
FRANKLIN D. UBELL (SBN 067861)(ubellf@gtlaw.com)
LINDSAY A. AYERS (SBN 225485)(ayersl@gtlaw.com)
3161 Michelson Drive, Suite 1000
Irvine, CA 92612
Tel: (949) 732-6527
Fax: (949) 732-6501

**GREENBERG TRAURIG LLP**
FRANK G. LONG (Arizona SBN 012245)(longf@gtlaw.com)
2375 East Camelback Road, Suite 700
Phoenix, AZ 85016
Tel: (602) 445-8387
Fax: (602) 445-8100

Attorneys for Plaintiff, SFM, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SFM, LLC, a Delaware limited liability company,<br><br>        Plaintiff,<br><br>vs.<br><br>SPROUTS NATURAL MARKET INC., a California corporation,<br><br>        Defendant. | **CASE NO.** '11CV2640 JAH NLS<br><br>**COMPLAINT FOR:**<br><br>(1) **Federal Trademark Infringement, 15 U.S.C. §1114;**<br><br>(2) **Federal False Designation of Origin, 15 U.S.C. §1125;**<br><br>(3) **Anti-Cybersquatting Consumer Protection, 15 U.S.C. §1125(d);**<br><br>(4) **State Common Law Infringement of Trademark;**<br><br>(5) **Statutory Unfair Competition, Cal. Bus. & Prof. Code §17200, et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff SFM, LLC alleges as follows:

## NATURE OF THIS ACTION

1.      This is an action for federal trademark infringement, federal false designation of origin, cybersquatting, state common law infringement of trademark, and unfair competition.  Plaintiff seeks damages, preliminary and permanent injunctive relief, an accounting, unjust enrichment, and attorneys' fees.

## THE PARTIES

2.      Plaintiff, SFM, LLC (hereafter "Plaintiff") is a Delaware limited liability company with its principal office located in Phoenix, Arizona.

3.      Defendant, Sprouts Natural Market (hereafter "Defendant") is a California corporation with its principal place of business located in Temecula, California.

4.      Defendant provides  retail grocery services.

## JURISDICTION AND VENUE

5.      This is a civil action for injunctive relief and damages for violations of the Lanham Act, 15 U.S.C. §1051, et seq.

6.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

7.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c).

8.      Personal jurisdiction is proper in this Court because Defendant has engaged in business in the State of California, and this action arises out of business conducted in California by the Defendant.

9.      Personal jurisdiction is also proper, because upon information and belief, Defendant is domiciled in this State

## BACKGROUND FACTS

10.     Plaintiff uses the trademark "SPROUT FARMERS MARKET" (the "Plaintiff's Mark") in connection with Plaintiff's retail grocery services.

11.     On December 11, 2001, Plaintiff's predecessor filed an application with the U.S. Patent and Trademark Office ("USPTO") to register Plaintiff's Mark with the PTO, based on an intent to use Plaintiff's Mark in commerce on or in connection with "retail grocery store services."  On December 23,

330,059,788_2 078163.014800

2003 the USPTO issued trademark registration number 2,798,632, for Plaintiff's Mark in connection with "retail grocery store services.  On August 4, 2009, the USPTO issued a Notice of Acceptance and Acknowledgement of the sections 8 and 15 Declaration for Plaintiff's Mark. Plaintiff is the current owner by assignment of the USPTO registration for Plaintiff's Mark.

12.    In addition to the USPTO registration of Plaintiff's Mark, Plaintiff is the owner of the USPTO registrations of the marks identified on the chart attached as "Exhibit A" and used by Plaintiff in connection with its retail grocery store services ("Plaintiff's Marks").  Copies of the registration certificates for each of Plaintiff's Marks are attached as "Exhibit B".

13.    Defendant operates a retail grocery store located in Temecula, California.

14.    Defendant uses Sprouts Natural Market ("Defendant's Store Name") as the name of its retail grocery store in Temecula.

15.    Defendant first used Defendant's Store Name for its retail grocery store services in 2002.

16.    Defendant uses the www.sproutsnaturalmarket.net domain name ("Defendant's Domain Name"), registered in 2007.

## FIRST CLAIM FOR RELIEF

(Trademark Infringement Under The Lanham Act, 15 U.S.C. §1114)

17.    Plaintiff incorporates in this Count all previous allegations contained in this Complaint.

18.    17.    Plaintiff and its predecessors in interest filed the USPTO application to register Plaintiff's Mark before Defendant adopted and began using Defendant's Store Name for Defendant's services.

19.    Defendant is using Defendant's Store Name without Plaintiff's authorization.

20.    Defendant's Store Name is nearly identical to Plaintiff's Mark used for the same services.

21.    Defendant's use of Defendant's Store Name creates, or has a reasonable likelihood of creating, customer confusion between the Plaintiff's retail grocery store services and Defendant's retail grocery store services.

22.    Plaintiff has invested substantial effort, including the expenditure of millions of dollars, to develop goodwill in Plaintiff's Mark and to cause consumers to recognize Plaintiff's Mark as distinctively designating goods and services originating with Plaintiff.

23.     The confusion created by Defendant's use of Defendant's Store Name is damaging the reputation and goodwill that Plaintiff has created in Plaintiff's Marks.

24.     By virtue of Defendant's actions, there is a likelihood of confusion between Plaintiff and Defendant's services.  Defendant's conduct constitutes an infringement of Plaintiff's Mark, registered under § 1114 of the Lanham Act (15 U.S.C. § 1114).

25.     Upon information and belief, Defendant has acted knowingly and intentionally in misappropriating Plaintiff's Mark in an effort to trade off the goodwill established by Plaintiff over many years.

26.     Defendant will continue its infringement activities unless enjoined by this Court.

27.     Upon information and belief, Defendant's actions were undertaken willfully and with the intent to confuse and deceive the public.

28.     Defendant's acts have damaged Plaintiff's business, reputation and goodwill and have interfered with Plaintiff's use of its own marks.

29.     Defendant has caused, and unless enjoined, will cause irreparable harm and injury to Plaintiff for which there is no adequate remedy at law.

30.     Defendant should be, upon final hearing, permanently enjoined from using Defendant's Store Name and any trademarks and/or service marks incorporating or similar to Defendant's Store Name ("Infringing Marks"), pursuant to 15 U.S.C. § 1116.

31.     Plaintiff is entitled, under 15 U.S.C. § 1117, to recover from Defendant: (i) Defendant's profits in providing Defendant's grocery store services using Defendant's Store Name and/or Defendant's Domain Name; (ii) damages sustained by Plaintiff due to Defendant's provision of Defendant's grocery store services using Defendant's Store Name or Defendant's Domain Name; (iii) the costs of this action, (iv) exceptional damages for intentional infringement, bad faith and willful conduct, equal to three times profits or damages, whichever is greater, and (v) attorneys' fees.

32.     Furthermore, Plaintiff seeks an order from this Court under 15 U.S.C. § 1118 compelling Defendant to destroy all materials bearing Defendant's Store Name and/or Defendant's Domain Name and transfer registration and ownership of the Defendant's Domain Name to Plaintiff.

/ / /

330,059,788_2 078163.014800

## SECOND CLAIM FOR RELIEF

(Unfair Competition Under 15 U.S.C. 1125(A))

33.     Plaintiff incorporates in this Count all previous allegations contained in this Complaint.

34.     The aforesaid activities of Defendant has caused or are likely to cause confusion or misunderstanding as to source, origin, sponsorship or approval of its services, and constitute infringement of Plaintiff's Marks and unfair competition, in violation of common law trademark and unfair competition principles.

35.     Defendant's actions have damaged Plaintiff's business, reputation and goodwill and have interfered with Plaintiff's use of its own trademarks.

36.     Unless restrained and enjoined by this court, Defendant will persist in its activities, causing irreparable harm and injury to Plaintiff for which there is no adequate remedy at law.

37.     Defendant should be, upon final hearing, permanently enjoined from using Defendant's Store name and Defendant's Domain Name, pursuant to 15 U.S.C. § 1116.

38.     Plaintiff is entitled, under 15 U.S.C. § 1117, to recover from Defendant: (i) Defendant's profits in providing Defendant's services using Defendant's Store Name and Defendant's Domain Name; (ii) damages sustained by Plaintiff due to Defendant's providing of Defendant's services using Defendant's Store Name and/or the Defendant's Domain Name, (iii) the costs of this action, (iv) exceptional damages for intentional infringement, bad faith and willful conduct, equal to three times profits or damages, whichever is greater, and (v) attorneys' fees.

39.     Furthermore, Plaintiff seeks an order from this Court under 15 U.S.C. § 1118 compelling Defendant to destroy all materials bearing Defendant's Store Name and/or Defendant's Domain Names and to transfer ownership and registration of Defendant's Store Name and Defendant's Domain Name to Plaintiff.

## THIRD CLAIM FOR RELIEF

(Federal False Designation of Origin And Representation)

40.     Plaintiff incorporates in this Count all previous allegations contained in this Complaint.

41.     Defendant's use of the Defendant's Store Name and/or Defendant's Domain Name to identify Defendant's services represents a false designation of origin that has caused, or is likely to

4

COMPLAINT

cause, confusion, mistake and deception as to the affiliation, connection or association between Defendant's services and the goods, services and commercial activities of Plaintiff, all in violation of 15 U.S.C. § 1125(a)(1)(A).

42.     Defendant's actions have damaged, or may damage, Plaintiff's business, reputation and goodwill and, unless enjoined, will cause, or are reasonably likely to cause, irreparable harm to Plaintiff for which there is no adequate remedy at law.

43.     Defendant should be, upon final hearing, permanently enjoined from using Defendant's Store Name and Defendant's Domain Name, pursuant to 15 U.S.C. § 1116.

44.     Plaintiff is entitled, under 15 U.S.C. § 1117, to recover from Defendant: (i) Defendant's profits in providing Defendant's services using Defendant's Store Name and/or Defendant's Domain Name; (ii) damages sustained by Plaintiff due to Defendant's providing  Defendant's services using Defendant's Store Name and/or Defendant's Domain Name, (iii) the costs of this action, and (iv) exceptional damages for intentional infringement, bad faith and willful conduct, equal to three times profits or damages, whichever is greater, and (v) attorneys' fees.

45.     Furthermore, Plaintiff seeks an order from this Court under 15 U.S.C. § 1118 compelling Defendant to destroy all materials bearing the Defendant's Store Name and/or Defendant's Domain Name and to transfer ownership and registration of Defendant's Store Name and Defendant's Domain Name to Plaintiff.

## FOURTH CLAIM FOR RELIEF

### (Anti-Cybersquatting Consumer Protection)

46.     Plaintiff incorporates in this Count all previous allegations contained in this Complaint.

47.     Plaintiff's Mark was distinctive at the time of the registration of Defendant's Domain Name.

48.     The Defendant's Domain Name registered or used by Defendant, is confusingly similar to Plaintiff's Marks.

49.     Defendant registered or used the Defendant's Domain Name with a bad faith intent to profit from Plaintiff's Marks.

50.     For these reasons, Defendant's registration and Defendant's use of the Defendant's

1    Domain Name violates § 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

2        51.    Unless restrained and enjoined by this court, Defendant swill persist in the activities,

3    causing irreparable harm and injury to Plaintiff for which there is no adequate remedy at law.

4        52.    Defendant should be, upon final hearing, permanently enjoined from using Defendant's

5    Domain Name pursuant to 15 U.S.C. § 1116.

6        53.    Plaintiff is entitled, under 15 U.S.C. § 1117, to recover from Defendant: (i) Defendant's

7    profits in providing Defendant's Services using Defendant's Store Name and/or Defendant's Domain

8    Name; (ii) damages sustained by Plaintiff due to Defendant's providing Defendant's Services using

9    Defendant's Store Name and/or Defendant's Domain Name, (iii) the costs of this action, and (iv)

10   exceptional damages for intentional infringement, bad faith and willful conduct, equal to three times

11   profits or damages, whichever is greater, and (v) attorneys' fees. .

12       54.    Furthermore, Plaintiff seeks an order from this Court under 15 U.S.C. § 1118 compelling

13   Defendant to destroy all materials bearing the Defendant's Store Name and/or Defendant's Domain

14   Name and to transfer ownership and registration of Defendant's Store Name and Defendant's Domain

15   Name to Plaintiff.

16                                    **FIFTH CLAIM FOR RELIEF**

17                          (State Common Law Infringement of Trademarks )

18       55.    Plaintiff incorporates in this Count all previous allegations contained in this Complaint.

19       56.    This cause of action for infringement arises under the common law of the State of

20   California.

21       57.    Defendant's use of the Defendant's Store Name and/or Defendant's Domain Name is

22   likely to cause confusion, mistake or deception as to source, origin, sponsorship or approval of

23   Defendant's services and constitutes infringement of Plaintiff's Marks under the common law of the

24   State of California.

25       58.    By its actions, Defendant has infringed Plaintiff's Marks deliberately and with the

26   intention of wrongfully trading on the goodwill and reputation symbolized by Plaintiff's Marks.

27       59.    Plaintiff is entitled to an award of damages from Defendant for the loss of business and

28   other monetary losses that Plaintiff has suffered and will continue to suffer in the future as a proximate

330,059,788_2 078163.014800

result of Defendant's misappropriation and infringement of Plaintiff's Marks.  Alternatively, Plaintiff is entitled to recover damages in an amount equivalent to the amount of profits that Defendant has derived and may continue to derive as a result of their unlawful misappropriation and infringement of Plaintiff's Marks.

60.     Defendant's conduct as described above has been willful, deliberate, malicious, and intended to injure Plaintiff.  Therefore, Plaintiff is also entitled to recover exemplary damages from Defendant to punish Defendant and to deter Defendant and others similarly situated from engaging in similar wrongful conduct in the future.

61.     Defendant should also be, upon final hearing, permanently enjoined from using Defendant's Store Name and Defendant's Domain Name.

## SIXTH CLAIM FOR RELIEF

(State Statutory Unfair Competition – Cal. Bus. & Prof. Code § 17200, et seq.)

62.     Plaintiff incorporates in this Count all previous allegations contained in this Complaint.

63.     As set forth in detail above, Defendant has engaged in unlawful, unfair or fraudulent business practices in violation of Section 17200, et seq. of the California Business & Professions Code, as well as acts of unfair competition in violation of the common law.

64.     Among other things, Defendant's activities create the impression that Defendant's goods and services have been approved, licensed, sponsored or authorized by Plaintiff.

65.     In addition, Defendant's aforesaid wrongful acts and unauthorized use of the Defendant's Store Name and use of the Defendant's Domain Name identical with or confusingly similar to Plaintiff's Marks constitutes unfair competition.

66.     Defendant's conduct was and is intentional and in deliberate disregard of the rights of Plaintiff. By reason thereof, Plaintiff is entitled to recover not only Defendant's profits and Defendant's actual damages, but also punitive or exemplary damages in an amount sufficient to deter Defendant from similar conduct in the future.

67.     The unlawful, unfair and/or fraudulent business practices of Defendant are likely to continue and therefore will continue to mislead the public by presenting false facts about the Plaintiff's Services.

330,059,788_2 078163.014800

68.     Defendant has also wrongfully profited from selling goods and services in commerce that infringe upon, dilute or violate Plaintiff's Marks.

69.     Defendant should be, upon final hearing, permanently enjoined from using the Defendant's Store Name and the Defendant's Domain Name.

70.     Plaintiff requests a jury trial on the claims asserted herein.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff requests a judgment against Defendant as follows:

A.      Temporarily, preliminarily and permanently restraining and enjoining Defendant from: (1) selling any products and offering any services under Defendant's Store Name and/or the Defendant's Domain Name or any variations thereof in or as part of the title or name of any business or service or commercial activity, Internet domain name, website home page or website; (2) using Defendant's Store Name and/or the Defendant's Domain Name or any variations thereof in or as part of the title or name of any business or service or commercial activity or as a key word, search word, or as any part of the description of a web site or in any submission for registration of any Internet web site with a search engine or index; (3) using Defendant's Store Name and/or the Defendant's Domain Name or any other identical or similar mark, word or name for any tanning salon, or spa, or as any service mark, trade name or corporate name or Internet domain name or in any manner likely to cause confusion, mistake or deception; or (4) filing or pursuing any application for registration of Defendant's Store Name and/or the Defendant's Domain Name as a trademark or service mark or trade name or Internet domain name in any jurisdiction in the United States.

B.      Temporarily, preliminarily and permanently restraining and enjoining Defendant from: (1) using Plaintiff's marks or any variations thereof in or as part of the title or name of any business or service or commercial activity, Internet domain name, website home page or website; or (2) using Plaintiff's Marks or Plaintiff's Domain Name or any variation thereof in or as part of the title or Internet domain name or name of any business or service or commercial activity or as a key word, search word, or as any part of the description of a web site or in any submission for registration of any Internet web site with a search engine or index; (3) using Plaintiff's Marks or Plaintiff's Domain Name or any other identical or similar mark, word or name as a trademark, service mark, trade name or corporate name or

8

COMPLAINT

in any manner likely to cause confusion, mistake or deception; or (4) filing or pursuing any application for registration in any jurisdiction in the U.S. of the Defendant's Store Name and/or the Defendant's Domain Name or any other mark, design, word or name as trademark or service mark or trade name identical or similar to Plaintiff's Marks, and/or Plaintiff's Domain Name.

      C.      Directing Defendant to: (1) notify all customers, distributors, advertisers and other persons, involved in Defendant's offer of, or attempt to offer, services under Defendant's Store Name and/or Defendant's Domain Name, that Plaintiff's marks are owned and controlled exclusively by and for the benefit of Plaintiff; (2) deliver to Plaintiff to be destroyed all labels, signs, prints, packages, wrappers, receptacles, and advertisements in Defendant's possession and bearing Defendant's Store Name and/or the Defendant's Domain Name (or any other name, or other designation, description, or representation that violates § 1125(a)) or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same; (3) remove from the Defendant's store and website all references to the Defendant's Store Name and/or the Defendant's Domain Name (including references in signage, menus, and other displays or promotional material); and (4) provide all documentation and approvals necessary to effect a transfer to Plaintiff of the registration of the Defendant's Domain Name.

      D.      Awarding Plaintiff its statutory damages and/or its actual damages in an amount to be proved at trial;

      E.      Ordering an accounting by Defendant of all revenues and profits derived from the providing of services through the unauthorized use of Defendant's Store Name and/or Defendant's Domain Names;

      F.      Awarding Plaintiff the amount by which Defendant has been unjustly enriched by their wrongful acts;

      G.      Awarding Plaintiff its costs and reasonable attorneys' fees incurred in connection with this action; and

      H.      Awarding Plaintiff such other and further relief that is just and proper.

/ / /

/ / /

330,059,788_2 078163.014800

## DEMAND FOR JURY TRIAL

Plaintiff SFM, LLC hereby requests a trial by jury of all issues so triable.


DATED:  November 11, 2011                    **GREENBERG TRAURIG LLP**


                                        By /s/ Lindsay Ayers
                                           Franklin D. Ubell
                                           Lindsay Ayers
                                           FrankG. Long
                                           Attorneys for Plaintiff, SFM, LLC

# EXHIBIT A

| | Serial Number/ Filing Date | Reg. Number/ Registration Date | Mark (Disclaimer) | Int'l Class; Goods & Services; First Uses | Owner; Registrant |
|---|---|---|---|---|---|
| 1 | 85/197622  December 14, 2010 | 4002187  July 26, 2011 |   (NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "FARMERS MARKET" APART FROM THE MARK AS SHOWN) | IC 035  G & S: retail grocery stores.  FIRST USE: 20071200  FIRST USE IN COMMERCE: 20071200 | (REGISTRANT) Premier Grocery, Inc. CORPORATION CALIFORNIA 11811 N. Tatum Blvd., #2400 Phoenix, Arizona 85028  (LAST LISTED OWNER) SFM, LLC LIMITED LIABILITY COMPANY DELAWARE 11811 N. Tatum Blvd., #2400 Phoenix, Arizona 85028 |
| 2 | 77/731710  May 7, 2009 | 3748830  February 16, 2010 |   (NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "FARMERS MARKET" APART FROM THE MARK AS SHOWN) | IC 035.  G & S: Retail grocery stores.  FIRST USE: 20090128  FIRST USE IN COMMERCE: 20090128 | (REGISTRANT) Premier Grocery, Inc. CORPORATION CALIFORNIA 11811 N. Tatum Blvd., #2400 Phoenix ARIZONA 85028  (LAST LISTED OWNER) SFM, LLC LIMITED LIABILITY COMPANY DELAWARE 11811 N. TATUM BLVD., SUITE 2400, PHOENIX ARIZONA 85028 |
| 3 | 77/730943  May 6, 2009 | 3730903  December 29, 2009 | SPROUTS FARMERS MARKET HEALTHY LIVING FOR LESS | IC 035.  G & S: Retail grocery stores.  FIRST USE: 20090128  FIRST USE IN COMMERCE: | (REGISTRANT) Premier Grocery, Inc. CORPORATION CALIFORNIA 11811 N. Tatum Blvd. #2400 Phoenix ARIZONA 85028  (LAST LISTED OWNER) |

| | Serial Number/ Filing Date | Reg. Number/ Registration Date | Mark (Disclaimer) | Int'l Class; Goods & Services; First Uses | Owner; Registrant |
|---|---|---|---|---|---|
| | | | (NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "FARMERS MARKET" APART FROM THE MARK AS SHOWN) | 20090128 | SFM, LLC LIMITED LIABILITY COMPANY DELAWARE 11811 N. TATUM BLVD., SUITE 2400, PHOENIX ARIZONA 85028 |
| 4 | 77/174990 May 7, 2007 | 3441913 June 3, 2008 | GREAT THINGS FOR A GREAT LIFE | IC 035. G & S: Retail grocery stores. FIRST USE: 20041115 FIRST USE IN COMMERCE: 20041115 | (REGISTRANT) Premier Grocery, Inc. CORPORATION CALIFORNIA Suite 2400 11811 N. Tatum Blvd Phoenix ARIZONA 85028 (LAST LISTED OWNER) SFM, LLC LIMITED LIABILITY COMPANY DELAWARE 11811 N. TATUM BLVD., SUITE 2400 PHOENIX ARIZONA 85028 |
| 5 | 77/080961 January 11, 2007 | 3322841 October 30, 2007 | SPROUTS | IC 035. G & S: Retail Grocery Store Services. FIRST USE: 20020415 FIRST USE IN COMMERCE: 20020415 | (REGISTRANT) Premier Grocery, Inc. CORPORATION CALIFORNIA Suite 2400 11811 N. Tatum Blvd. Phoenix ARIZONA 85028 (LAST LISTED OWNER) SFM, LLC LIMITED LIABILITY COMPANY DELAWARE 11811 N. TATUM BLVD., SUITE 2400 PHOENIX ARIZONA 85028 |

| | Serial Number/ Filing Date | Reg. Number/ Registration Date | Mark (Disclaimer) | Int'l Class; Goods & Services; First Uses | Owner; Registrant |
|---|---|---|---|---|---|
| 6 | 76/545302 September 8, 2003 | 2924760 February 8, 2005 | **SPROUTS** FARMERS MARKET (NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE FARMERS MARKET APART FROM THE MARK AS SHOWN) | IC 035. G & S: Retail grocery store services. FIRST USE: 20020415 FIRST USE IN COMMERCE: 20020415 | (REGISTRANT) PREMIER GROCERY, INC. CORPORATION CALIFORNIA 9301 East Shea Blvd., #132 Scottsdale ARIZONA 85260 (LAST LISTED OWNER) SFM, LLC LIMITED LIABILITY COMPANY DELAWARE 11811 N. TATUM BLVD., SUITE 2400 PHOENIX ARIZONA 85028 |
| 7 | 76/347816 December 11, 2001 | 2798632 December 23, 2003 SECT 15. SECT 8 (6-YR). | SPROUTS FARMERS MARKET (NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "FARMERS MARKET" APART FROM THE MARK AS SHOWN) | IC 035 G & S: Retail grocery store services. FIRST USE: 20020415 FIRST USE IN COMMERCE: 20020415 | (REGISTRANT) Premier Grocery, Inc. CORPORATION CALIFORNIA 11811 North Tatum Blvd. Suite 2400 Phoenix ARIZONA 85028 (LAST LISTED OWNER) SFM, LLC LIMITED LIABILITY COMPANY DELAWARE 11811 N. TATUM BLVD., SUITE 2400 PHOENIX ARIZONA 85028 |

Exhibit "A" Page 14

# EXHIBIT B

**Int. Cl.: 35**

**Prior U.S. Cls.: 100, 101, and 102**

**Reg. No. 2,798,632**

## United States Patent and Trademark Office

Registered Dec. 23, 2003

### SERVICE MARK
#### PRINCIPAL REGISTER

## SPROUTS FARMERS MARKET

PREMIER GROCERY, INC. (CALIFORNIA COR-
 PORATION)
8880 RIO SAN DIEGO, SUITE 800
SAN DIEGO, CA 92108

FOR: RETAIL GROCERY STORE SERVICES, IN
CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 4-15-2002; IN COMMERCE 4-15-2002.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "FARMERS MARKET", APART
FROM THE MARK AS SHOWN.

SN 76-347,816, FILED 12-11-2001.

GIANCARLO CASTRO, EXAMINING ATTORNEY

Exhibit "B" Page 16

**Int. Cl.: 35**

**Prior U.S. Cls.: 100, 101 and 102**

**United States Patent and Trademark Office**

Reg. No. 2,924,760

Registered Feb. 8, 2005

## SERVICE MARK
### PRINCIPAL REGISTER



PREMIER GROCERY, INC. (CALIFORNIA COR-
  PORATION)
9301 EAST SHEA BLVD., #132
SCOTTSDALE, AZ 85260

  FOR: RETAIL GROCERY STORE SERVICES, IN
CLASS 35 (U.S. CLS. 100, 101 AND 102).

  FIRST USE 4-15-2002; IN COMMERCE 4-15-2002.

  OWNER OF U.S. REG. NO. 2,798,632.

  NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE FARMERS MARKET, APART
FROM THE MARK AS SHOWN.

  SER. NO. 76-545,302, FILED 9-8-2003.

  YONG KIM, EXAMINING ATTORNEY

**Int. Cl.: 35**

**Prior U.S. Cls.: 100, 101 and 102**

**United States Patent and Trademark Office**

Reg. No. 3,322,841

Registered Oct. 30, 2007

## SERVICE MARK
### PRINCIPAL REGISTER

# SPROUTS

PREMIER GROCERY, INC. (CALIFORNIA CORPORATION)
SUITE 2400
11811 N. TATUM BLVD.
PHOENIX, AZ 85028

FOR: RETAIL GROCERY STORE SERVICES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 4-15-2002; IN COMMERCE 4-15-2002.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,798,632 AND 2,924,760.

SER. NO. 77-080,961, FILED 1-11-2007.

ALLISON HOLTZ, EXAMINING ATTORNEY

**Int. Cl.: 35**

**Prior U.S. Cls.: 100, 101, and 102**

**Reg. No. 3,441,913**

## United States Patent and Trademark Office

Registered June 3, 2008

## SERVICE MARK
### PRINCIPAL REGISTER

### GREAT THINGS FOR A GREAT LIFE

PREMIER GROCERY, INC. (CALIFORNIA COR-PORATION)
SUITE 2400
11811 N. TATUM BLVD
PHOENIX, AZ 85028

   FOR: RETAIL GROCERY STORES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

   FIRST USE 11-15-2004; IN COMMERCE 11-15-2004.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-174,990, FILED 5-7-2007.

AISHA SALEM, EXAMINING ATTORNEY



## United States Patent and Trademark Office

SPROUTS FARMERS MARKET
HEALTHY LIVING FOR LESS

**Reg. No. 3,730,903**    PREMIER GROCERY, INC. (CALIFORNIA CORPORATION)
Registered Dec. 29, 2009  11811 N. TATUM BLVD. #2400
                          PHOENIX, AZ 85028

**Int. Cl.: 35**    FOR: RETAIL GROCERY STORES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-28-2009; IN COMMERCE 1-28-2009.

**SERVICE MARK**
**PRINCIPAL REGISTER**    THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
                          TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,798,632 AND 2,924,760.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "FARMERS MARKET", APART
FROM THE MARK AS SHOWN.

SER. NO. 77-730,943, FILED 5-6-2009.

MARILYN IZZI, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

Exhibit "B" Page 20

# United States of America

## United States Patent and Trademark Office



**Reg. No. 3,748,830** PREMIER GROCERY, INC. (CALIFORNIA CORPORATION)
Registered Feb. 16, 2010 11811 N. TATUM BLVD., #2400
PHOENIX, AZ 85028

**Int. Cl.: 35** FOR: RETAIL GROCERY STORES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-28-2009; IN COMMERCE 1-28-2009.

**SERVICE MARK**
**PRINCIPAL REGISTER** OWNER OF U.S. REG. NOS. 2,798,632 AND 2,924,760.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "FARMERS MARKET", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE WORDS "SPROUTS FARMERS MARKET" APPEARING BELOW IMAGES OF FRUIT INSIDE A THREE DIMENSIONAL OVAL. THE WORDS "HEALTHY LIVING FOR LESS!" APPEAR IN AN UPWARD ARCH UNDER THE OVAL.

SER. NO. 77-731,710, FILED 5-7-2009.

MARILYN IZZI, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

Exhibit "B" Page 21

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,002,187**

**Registered July 26, 2011**

**Int. Cl.: 35**

**SERVICE MARK**

**PRINCIPAL REGISTER**

PREMIER GROCERY, INC. (CALIFORNIA CORPORATION)
11811 N. TATUM BLVD., #2400
PHOENIX, AZ 85028

FOR: RETAIL GROCERY STORES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 12-0-2007; IN COMMERCE 12-0-2007.

OWNER OF U.S. REG. NOS. 2,798,632, 3,748,830 AND OTHERS.

THE COLOR(S) GREEN, LIGHT GREEN, SILVER, PURPLE, PINK, BLACK, LIGHT BROWN, BROWN, YELLOW, ORANGE AND RED IS/ARE CLAIMED AS A FEATURE OF THE MARK.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "FARMERS MARKET", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE WORDING "SPROUTS FARMERS MARKET" IN GREEN LETTERING. THE LETTERING "SPROUTS" IS OUTLINED IN SILVER. ABOVE THE WORDING IS THE STYLIZED DESIGN OF FRUIT SPECIFICALLY PURPLE GRAPES, A SLICE OF WATERMELON WHICH IS PINK, GREEN AND BLACK, A LIGHT BROWN PEAR WITH A BROWN STEM, A GREEN LIME, A YELLOW LEMON, AN ORANGE COLORED ORANGE, TWO RED APPLES WITH BROWN STEMS, A LIGHT GREEN APPLE WITH A BROWN STEM, TWO RED STRAWBERRIES WITH GREEN STEMS, A BROWN AND BLACK PINEAPPLE WITH A GREEN STEM, A LIGHT GREEN PEAR WITH A BLACK STEM AND A BUNCH OF YELLOW BANANAS. ALL OF THE FRUITS ARE LINED IN BLACK. THE COLOR WHITE IS USED FOR SHADING AND BACKGROUND AND IS NOT PART OF THE MARK.

SER. NO. 85-197,622, FILED 12-14-2010.

WENDY GOODMAN, EXAMINING ATTORNEY

*David J. Kappos*

Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:** Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at http://www.uspto.gov.

Page: 2 / RN # 4,002,187

Exhibit "B" Page 23

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SFM, LLC, a Delaware limited liability company,

**DEFENDANTS**
Sprouts Natural Market Inc.,a California corporation,

**(b)** County of Residence of First Listed Plaintiff  Maricopa County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
SEE ATTACHMENT A

Attorneys (If Known)

**'11CV2640 JAH NLS**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
     Plaintiff

☒ 3  Federal Question
     (U.S. Government Not a Party)

☐ 2  U.S. Government
     Defendant

☐ 4  Diversity
     (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
    Proceeding

☐ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

☐ 5 Transferred from
    another district
    (specify)

☐ 6 Multidistrict
    Litigation

☐ 7 Appeal to District
    Judge from
    Magistrate
    Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
15 U.S.C. §1114: 15 U.S.C. §1125: 15 U.S.C. §1125(d): Cal. Bus.  & Prof. Code §17200
Brief description of cause:
TM Infrina.: False Design. of Origin: Cybersquatting: State Common Law Infrina. of TM & Unfair Comp.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION**
  UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____

DOCKET NUMBER _____

DATE
11/11/2011

SIGNATURE OF ATTORNEY OF RECORD
/s/ Lindsay A. Ayers

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**Attachment A**

**GREENBERG TRAURIG LLP**
FRANKLIN D. UBELL (SBN 067861)(ubellf@gtlaw.com)
LINDSAY A. AYERS (SBN 225485)(ayersl@gtlaw.com)
3161 Michelson Drive, Suite 1000
Irvine, CA 92612
Tel: (949) 732-6527
Fax: (949) 732-6501

**GREENBERG TRAURIG LLP**
FRANK G. LONG (Arizona SBN 012245)(longf@gtlaw.com)
2375 East Camelback Road, Suite 700
Phoenix, AZ 85016
Tel: (602) 445-8387
Fax: (602) 445-8100

Attorneys for Plaintiff, SFM, LLC